John LOMBARDI, Stephen Purol, and
the City of Arvada, a Municipal
corporation, Petitioners,

v.

Thomas A. GRAHAM, Respondent.

No. 89SC488.

Supreme Court of Colorado,
En Banc.

July 16, 1990.

Watson, Nathan & Bremer, P.C., J. An-
drew Nathan, Douglas A. Tabor, Denver,
for petitioners.

Myles J. Dolan, Arvada, for respondent.

Justice ERICKSON delivered the
Opinion of the Court.

We granted certiorari to determine
whether the opinion of a police officer that
the respondent had demonstrated a tenden-
cy for violence in the past, not based on
personal knowledge but supported solely
by the officer's reading of two police re-
ports, was admissible under CRE 405(a) to
prove that the respondent acted violently
on a particular occasion.[1] The court of

---

1. CRE 405(a) provides, in part:
   **Rule 405. Methods of Proving Character**

   (a) **Reputation or opinion.** *In all cases in
   which evidence of character or a trait of char-*

appeals held that the district court should not have admitted the opinion testimony, reversed the judgment of the district court in favor of the petitioners, and remanded for a new trial. *Graham v. Lombardi*, 784 P.2d 813 (Colo.App.1989). We affirm.

## I

This case arose when the respondent, Thomas Graham, was stopped in his car by petitioner John Lombardi, an officer with the Arvada Police Department, on July 14, 1985. Officer Lombardi told Graham that he was stopped for driving 43 miles per hour in a 30 mile-per-hour zone, as clocked by radar. A standoff was reached when Officer Lombardi refused to show Graham the reading on the radar gun, and Graham refused to produce his driver's license and registration. Officer Lombardi radioed for a backup.

When Arvada Police Officer Stephen Purol (also a petitioner here) arrived on the scene, a struggle ensued during which Graham sustained minor injuries and property damage. Graham was arrested and placed in Lombardi's patrol car. Master Patrol Officer James Keating arrived, and Graham was transported to the Arvada police station and treated by a paramedic.[2]

■ On July 14, 1986, Graham filed this action in Jefferson County District Court against Lombardi, Purol, and the City of Arvada, alleging assault and battery, and outrageous conduct, and asking for actual and punitive damages. The trial was held on May 5–7, 1987. At the trial, the petitioners called Master Patrol Officer Keating who testified as follows:

Q [by petitioners' attorney]: *Officer, are you familiar with the reputation of Mr. Graham in the community as it concerns his potential for violence?*

A: Yes.

Q: Do you have such an opinion?

A: Yes, I do.

MR. DOLAN [counsel for respondent]: Your Honor, may I interpose an objection. There is insufficient foundation.

THE COURT: Your objection is noted for the record. Thank you, Mr. Dolan. Overruled.[3]

Q: Will you state what that opinion is.

A: *In my opinion, Mr. Graham has demonstrated a tendency of violence in the past.*[4]

Q: Thank you.

. . . .

### CROSS EXAMINATION

BY MR. DOLAN:

Q: Officer Keating, have you ever met Mr. Graham before this incident?

A: No, sir.

---

acter of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(Emphasis added.) CRE 405(a) is identical to Fed.R.Evid. 405(a), so federal cases construing the latter rule are instructive. Rule 405(a) only allows reputation or opinion evidence as to character when evidence of character is itself admissible. The admissibility of general character evidence to show that a person acted in conformity therewith is governed by CRE 404(a). *See* footnote 4.

2. As a result of the traffic stop, Graham was charged with three violations of Arvada city ordinances: resisting arrest, disobeying a lawful police order, and speeding. Graham was convicted of the disobeying a lawful order charge and given a five dollar fine, which was suspend-

ed. He was acquitted of speeding, and the City dismissed the resisting arrest charge.

3. The trial court conducted an in camera hearing and then denied the other objections raised by the respondent in this appeal.

4. Officer Keating's answer was not responsive to the question posed by petitioners' attorney. Counsel asked if Keating had an opinion as to Graham's *reputation in the community* concerning the potential for violence. Keating's answer, however, gave his opinion as to Graham's *character*. The question was not proper under CRE 405(a) which permits "testimony as to reputation" *or* "testimony in the form of opinion" as to a person's "character or a trait of character." No objection was made to the *form* of the question, and because the answer conformed to CRE 405(a), we proceed as if the correct question under Rule 405(a) had been posed.

Q: Are you basing your decision, or your opinion, in any way upon the incidents that took place on July 14th, 1985?

A: No, sir.

Q: And you had no particular contact with him prior to that time, is that correct.

A: That's correct.

(Emphasis added.) The district court's ruling admitting Keating's conclusion was based on an offer of proof made by counsel for the petitioners that Keating had reviewed two police reports of incidents between the Arvada police and Graham in 1981, four years before the stop in this case. In the offer of proof made outside the presence of the jury, petitioners' counsel stated:

> I could produce evidence that in 1981 Mr. Graham had a dispute with an officer regarding a ticket he claimed that the officer perjured himself. He was apparently found guilty. The officer was a member of the Arvada Police....
>
> Also in that year he had a dispute with a postal worker who was apparently bitten by his dog. The postal worker filed a complaint, claiming that Mr. Graham had threatened him. The postal worker has been subpoenaed and is on call. When officers responded, they would testify that Mr. Graham threatened them with a shovel.
>
> ....
>
> I have an officer who was the supervisor, Officer Keating, who is a master

patrol officer, who has reviewed these incidents and could testify from the records at the police department based on his review of these incidents that, in his opinion, Mr. Graham had a violent or bad temper in dealing with police officers.

The district court concluded that Master Patrol Officer Keating was competent to express an opinion as to Graham's character with respect to violence.

At the conclusion of the trial, the jury returned a verdict in favor of the petitioners and against Graham. On appeal, the court of appeals reversed and remanded for a new trial because of the admission of Officer Keating's opinion testimony regarding Graham's character. *Graham v. Lombardi,* 784 P.2d at 815.

## II

The question for decision is whether Keating's review of two police reports was a sufficient foundation under CRE 405(a) for his opinion that Graham had a propensity for violence. We agree with the court of appeals that it was not.[5]

The petitioners did not attempt to qualify Keating as an expert witness, so CRE 701 governs the admissibility of his opinion. *See Schultz v. Thomas,* 832 F.2d 108, 111 (7th Cir.1987) (admitting judge's lay opinion as to defendants' truthfulness was reversible error where it was not based on personal knowledge); *United States v. Dotson,*

---

5. In reaching its conclusion that an insufficient foundation was laid, the court of appeals held that CRE 404(a), which by its terms is limited to criminal cases (except for Rule 404(a)(3)), was equally applicable to civil actions. CRE 404(a) provides, in part:

> (a) **Character evidence generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (1) **Character of accused.** Evidence of a pertinent trait of his character offered by an *accused,* or by the *prosecution* to rebut the same;
>
> (2) **Character of victim.** Evidence of a pertinent trait of character of the *victim of the crime* offered by an *accused,* or by the *prosecution* to rebut the same, or evidence of a character trait of peacefulness of the *victim*

offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

> (3) **Character of witness.** Evidence of the character of a witness as provided in Rules 607, 608, and 13–90–101.

(Emphasis added.) Rule 404(a)(3) pertains to character evidence introduced to attack or support the credibility of a witness and was not applicable here.

The trial court did not explicitly address whether Rule 404(a) applied in civil cases, and the parties did not raise or brief the issue in this court. The resolution of the issue is not necessary because of our determination of the admissibility of the testimony. We therefore express no opinion as to the correctness of the court of appeals conclusion that the rule applies to civil as well as criminal cases.

799 F.2d 189, 192 (5th Cir.1986); 22 C. Wright & K. Graham, *Federal Practice & Procedure* § 5265, at 584 & n. 9 (1978). CRE 701, which is identical to Fed.R.Evid. 701, states:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions and inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

In order for an opinion of a lay witness to be "rationally based on the perception of the witness," it must be based on personal knowledge. *See* CRE 602;[6] *Schultz v. Thomas*, 832 F.2d at 111; *United States v. Dotson*, 799 F.2d at 192–93; *United States v. Watson*, 669 F.2d 1374, 1382 (11th Cir. 1982); 22 C. Wright & K. Graham, *Federal Practice & Procedure, supra,* § 5265, at 584 & n. 10.

Opinion evidence of character under Rule 405(a) is not a conduit through which otherwise inadmissible specific instances of misconduct may be brought before the jury. The district judge ruled that the petitioners could not introduce evidence of the specific incidents contained in the two police reports. One of the incidents in the petitioners' offer of proof did not appear to relate to any violent character trait of Graham at all. We conclude, as did the court of appeals, that there was insufficient foundation for Keating's opinion of Graham's alleged violent propensities. Accordingly, the judgment of the court of appeals is affirmed.

---

**6.** CRE 602 provides, in part:

   **Rule 602. Lack of Personal Knowledge**

   A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

CRE 602 is identical to Fed.R.Evid. 602.