991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dwayne WALKER, Plaintiff-Appellant,
v.
David STALTER, et al., Defendants-Appellees.
 No. 92-1492.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1993.[1]
Decided April 1, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Dwayne Walker, who is serving a 65-year prison sentence, filed this § 1983 suit against various prison officials and against David Stalter, a prison guard who allegedly struck plaintiff. A jury returned a verdict in favor of defendants, and the district court entered judgment upon that verdict.[2]
 
 
 2
 Plaintiff first raises the issue of ineffective assistance of counsel[3], however, there is no right to counsel in civil cases. See Polk County v. Dodson, 454 U.S. 312, 317-25 (1981) (claim of ineffective assistance of counsel is not cognizable under the civil rights statutes); Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991).
 
 
 3
 The other issues raised by plaintiff cannot be given meaningful review absent a trial transcript. Plaintiff has failed to file a transcript of the jury trial in the district court. Under Federal Rule of Appellate Procedure 10, an appellant must file "a transcript of such parts of the proceedings not already on file as the appellant deems necessary.... If no such parts of the proceedings are to be ordered, within the same period the appellant shall file a certificate to that effect." Fed.R.App.P. 10(b)(1). No portion of a transcript of the jury trial was filed. There is nothing in the record indicating that plaintiff ordered a transcript. The absence of a transcript affects our ability to provide meaningful review of several of the remaining issues.
 
 
 4
 Plaintiff contends that the district court erred in permitting defendants to introduce into evidence the deposition testimony of defendant Stalter. The jury trial was set for December 5, 1991. Plaintiff appeared pro se in court. All defendants appeared in court, except for Stalter.[4] The parties informed the court that they were not ready for trial. The attorney representing all of the defendants informed the court that Stalter now lived in Minnesota and refused to travel to Illinois for the trial. Defense counsel agreed with the court that they would take Stalter's deposition since he lived more than 100 miles from court. Plaintiff did not object.[5] It appears that Stalter's deposition was taken on February 5, 1992. Beyond that, we have no transcript of the deposition, and no transcript of the trial. Absent a record indicating the content of that deposition testimony, we are unable to review this issue.
 
 
 5
 Plaintiff also contends that defense counsel's cross-examination of plaintiff on the question of whether he had been forcibly administered anti-psychotic drugs while in prison was irrelevant and reversible error. Once again, without the transcript we are unable to meaningfully review this evidentiary issue. Moreover, it would not appear that the plain error doctrine raised by plaintiff is applicable to the facts of this case. See Maul v. Costan, 928 F.2d 784, 787 (7th Cir.1991) (discussing the limited application of the plain error doctrine to civil cases).
 
 
 6
 We have "no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review." Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 110 S.Ct. 719 (1990) (reviewing other circuits' dismissal of appeals for appellant's failure to file transcript, and cases deciding issues on the merits to the extent it is practical without the transcript); Fed.R.App.P. 3(a).
 
 
 7
 Accordingly, for the reasons stated above, the appeal is DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 A Department of Corrections investigator, however, had previously found that Stalter employed an unnecessary use of force and that Stalter should have requested additional security staff when Walker became aggressive. The investigator found that disciplinary action against Stalter would be appropriate, but was unnecessary due to Stalter's resignation from the Department
 
 
 [3]
 Walker had five appointed counsel, each of whom subsequently withdrew for various reasons. A sixth attorney was appointed as stand-by counsel to advise Walker, who appeared pro se during the jury trial
 
 
 [4]
 Plaintiff's appointed attorney at that time was permitted to withdraw when, against his attorney's advice, plaintiff refused to settle the case for $1,000
 
 
 [5]
 The record on appeal contains a transcript of the December 5, 1991 hearing