998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Francis D. SHERMAN, Plaintiff/Appellant,
v.
James W. FAIRMAN, et al., Defendants/Appellees.
 No. 91-3500.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 28, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Francis D. Sherman sued a host of prison officials after his mattress was removed from his prison cell and not replaced for over two months. This action, plus depriving him for five days of sundries such as toothpaste and soap, was cruel and unusual punishment, Sherman claimed. A jury found in favor of the defendants on all counts. Despite having failed to move for a directed verdict, Sherman moved for judgment notwithstanding the verdict which the court denied and entered judgment on the jury's verdict. Sherman now appeals the verdict and the judge's rulings on the post-trial motions.
 
 
 2
 Sherman contends that the defendants' failure to establish that he was suicidal or a security risk should have entitled him to a judgment notwithstanding the jury's verdict in favor of defendants. He also claims that the court erred by directing a verdict in favor of defendants on his due process claims, and that the defendants' lawyer should not have mentioned Sherman's convictions during the trial. Sherman, however, has failed to file the proper parts of the transcript that would be necessary to review these issues. To review the denial of the motion for judgment notwithstanding the verdict we would need to read the judge's reasons for denying the motion or be able to review independently the evidence at trial. We have none of that. Nor is there anything to show that the defendants even moved for a directed verdict (though they do not deny it). Nothing else filed in this court would help us review the judge's directed verdict, either. And there are no transcripts to show what the defendants' lawyer might have said about Sherman's convictions.
 
 
 3
 Federal Rule of Appellate Procedure 10(b) requires appellants to file "a transcript of such parts of the proceedings not already on file as the appellant deems necessary, ... If no such parts of the proceedings are to be ordered ... the appellant shall file a certificate to that effect." Fed.R.App.P. 10(b)(1). This is particularly important when an appellant, like Sherman in this case, makes arguments that turn on a review of the evidence. Fed.R.App.P. 10(b)(2). Sherman has not complied with these rules. When these rules are defied we will dismiss the case unless there is some other way to decide the issues meaningfully, such as when the parties agree on the facts or when other parts of the record provide facts that illuminate the legal issues. Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989); Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990). There is nothing to guide us in this case.
 
 
 4
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs