129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Adrian D. GRIFFIN, Plaintiff-Appellant,
v.
Richard L. LARRISON, Dist. I, Richard D. Jasinski, Dist. II,
Joseph Zappia, Dist. III, et al., Defendants-Appellees.
 No. 97-1393.
 United States Court of Appeals, Seventh Circuit.
 Submitted October 14, 1997.*
Filed Oct. 15, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 95 C 893.
 Before CUMMINGS, MANION, and ROVNER, Circuit Judges.
 ORDER
 PIERCE, Judge.
 
 
 1
 Griffin appeals the verdict rendered against him and in favor of the defendant prison officials whom Griffin sued pursuant to 42 U.S.C. § 1983 for alleged indifference to his health and safety. Because Griffin fails to provide the court with a meaningful way to evaluate his claims, the appeal is dismissed
 
 
 2
 Griffin first argues that insufficient evidence supports the verdict that Officers Sconiers, Kaps, and Canoy were not responsible for the injuries Griffin sustained at the hands of hostile cellmates. Griffin maintains that the evidence presented at trial shows that the defendants knew Griffin was an enemy of certain members of the Dawg Life gang but nevertheless placed him in a cell containing Dawg Life members. By failing to include a copy of the trial transcript along with his appeal, however, Griffin has violated Federal Rule of Appellate Procedure 10(b)(2), which states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2). Without a transcript, we are unable to determine whether Griffin's claim is valid, and we must therefore dismiss this portion of his appeal. Woods v. Thieret, 5 F.3d 244, 245 (7th Cir.1993); Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989) ("It is obvious that an appellate court has no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review.").
 
 
 3
 Next Griffin contends that his constitutional right to trial by an impartial jury was violated by an unidentified juror's intentional failure during voir dire to disclose personal knowledge relating to both Griffin and defendant Sconiers. Once again, however, Griffin provides nothing but his own bare assertions in support of this claim. The alleged source of information regarding the impartial juror is a man who neither testified at trial nor submitted his knowledge in an affidavit but who simply told Griffin two months after the trial that one of the jurors had lied. Other than this unsubstantiated claim, Griffin's record is devoid of supporting evidence: there is no transcript of the voir dire proceedings, no indication that Griffin sought to question the biased juror or to strike him from the panel, and no subsequent objection to the composition of the jury. Nor has Griffin followed the proper procedure for addressing newly discovered evidence by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Accordingly, we are without a basis for review of this claim and are forced to dismiss it as well.
 
 
 4
 In light of our dismissal of Griffin's appeal, "Appellees Joint Motion to Strike and to Dismiss" is moot.
 
 
 5
 DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)