941 F.2d 1212
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick A. MATTHEWS, Plaintiff/Appellant,
v.
SMALL BUSINESS ADMINISTRATION and James Abdnor, Defendants/Appellees.
 No. 90-2172.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Aug. 23, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Frederick Matthews, contending that his employer discriminated against him because of his race, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Defendants' motion for summary judgment was denied on February 2, 1989. After a bench trial, held on March 19 and 20, 1990, the district court entered judgment in favor of the defendants. Matthews timely appealed the district court's order pro se.[1] We affirm the district court's dismissal of Matthews' complaint.
 
 
 2
 Matthews, a black male, began his work with the Small Business Administration ("SBA") in 1973. Initially, Matthews was hired as a Minority Enterprise Representative. After five years at the SBA, Matthews became a Business Development Specialist. His job entailed working with minority-owned business enterprises and assisting them in obtaining government contracts.
 
 
 3
 Prior to 1983, Matthews received satisfactory reviews of his work at the SBA. However, in July 1983, Anthony McMahon, Matthews' then immediate supervisor, pursuant to SBA's Performance Management and Appraisal System ("PMAS")[2], changed the element of dependability[3] from a non-critical to a critical element, and subsequently rated Matthews' performance in this area as unsatisfactory.[4]
 
 
 4
 Shortly thereafter, Robert Miller succeeded McMahon as the SBA branch manager and became Matthews' immediate supervisor. On November 13, 1984, Miller sent Matthews a letter confirming Matthews' PMAS review, conducted by Miller in October of 1984, and informing him that his performance was unsatisfactory in four critical elements.[5] The letter also warned Matthews that his failure to bring his performance level up to a "minimally acceptable" level within 60 days could result in termination or demotion. On February 22, 1985, Miller sent notice to Matthews that he intended to recommend that SBA terminate Matthews' employment because he failed to bring his performance level up to "minimally acceptable" standards.[6]
 
 
 5
 The SBA discharged Matthews on May 24, 1985. Matthews filed a complaint with the Office of Equal Employment Opportunity, which was denied after a finding that Matthews' termination from the SBA was not discriminatory. Matthews appealed the decision and a bench trial was held. The district court assumed that Matthews met his initial burden of proving a prima facie case of discrimination. See Heerdink v. Amoco Oil, 919 F.2d 1256, 1259 (7th Cir.1990). However, it held that Matthews failed to show that the SBA's articulated reason for termination, Matthews unsatisfactory performance at work, was a pretext for discrimination. See id. at 1259-1261 (setting out burdens of proof in a Title VII disparate treatment case).
 
 
 6
 Matthews challenges the district court's findings that his unsatisfactory performance regarding four critical factors justified his dismissal and that the SBA's articulated reason for termination was not "smoke to cover up racial animus." We review the district court's factual findings concerning discrimination under a clearly erroneous standard. Chesser v. State of Illinois, 895 F.2d 330, 334 (7th Cir.1990). Such findings will be reversed only if they are unsupported by the evidence or are implausible. Id. at 334. As such, Matthews faces a substantial burden in seeking to overturn the district court's findings. Id. Matthews must persuade this court "that what the district court finds to be true is definitely not." Id. at 335.
 
 
 7
 This Matthews has not done. Matthews contends that the defendants "set up a system to nail me." In support of this claim, Matthews points out that the SBA found his job performance before 1983 to be satisfactory. However, Matthews' unsatisfactory performance in four areas, as well as his failure to improve his performance in these areas after being warned of possible discharge, is well documented in the record. The fact that the SBA considered Matthews' work satisfactory prior to 1983 does not support a reversal of the district court's finding that "there isn't an iota of evidence in this case that would lead me to believe that any of the reasons articulated were pretextual." See Smith v. Firestone Tire and Rubber Co., 875 F.2d 1325, 1330 (in light of the deterioration of plaintiff's work, evidence that plaintiff performed satisfactorily prior to his demotion was not evidence of pretext). Even if, as the district court noted, the SBA's judgment concerning Matthews' performance was inaccurate, we do not act as a " 'super-personnel department' or 'determine whether the employer exercised prudent business judgment.' " Heerdink, 919 F.2d at 1260 (citations omitted).
 
 
 8
 Additionally, Matthews points out that Miller also was responsible for the termination of the only other black employee in the office and that this employee was reinstated after an EEOC investigation. However, "[a] suit is not evidence for the truth of its allegations." McKnight v. General Motors Corp., 908 F.2d 104, 114 (7th Cir.1990). Moreover, Matthews fails to connect this employee's termination to his own case, and, standing alone, this evidence is insufficient to warrant reversal of the district court's particular findings in this case.
 
 
 9
 Matthews also raises issues, in a vague manner, which can be characterized as attacking the district court's credibility determinations. The district court judge based its finding of no discrimination on its assessment of the parties' credibility. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses ... that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Beesemer City N.C., 470 U.S. 564, 575 (1985); see also E.E.O.C. v. Gurnee Inn Corp., 914 F.2d 815, 819 (7th Cir.1990) (reviewing court extends greater deference to district court's findings concerning discrimination when such findings are based on credibility determinations).
 
 
 10
 To prevail on this claim, Matthews must show that the defendants' trial testimony was inherently inconsistent. See Gaddy v. Abex Corp., 884 F.2d 312, 317 (7th Cir.1989). However, Matthews has failed to provide a transcript of his bench trial, as is his burden. Wilson v. Electro Marine Systems Inc., 915 F.2d 1110, 1117 (7th Cir.1990) (citing, Fed.R.App.Pro. 10(b); Fischer v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989)). Matthews only provides this court with selective pages of certain defense witnesses' testimony. In order to meaningfully review Matthews' claim, a more complete transcript of the bench trial is necessary. "It is obvious that an appellate court has no alternative but to dismiss an appeal if the absence of the transcript prevents meaningful review." Id. at 1061. Because Matthews has not presented a record from which we can evaluate his claim that the district courts findings are erroneously based on the defendants' inconsistent testimony, this claim is dismissed. Fed.R.App.P. 3(a).
 
 
 11
 Even after a review of the record before us, we are not persuaded that the district court's credibility determinations are erroneous. In finding that the SBA's reasons for termination were not pretextual, the district court credited the trial testimony and documentary evidence concerning Matthews' poor performance in four critical factors. Matthews makes no showing, and the selective pages of testimony he includes in the record do not indicate, that the testimony is inherently unreliable.
 
 
 12
 Matthews also alleges that a number of evidentiary errors occurred during his bench trial, which warrant a new trial. Here Matthews' failure to include a transcript of the bench trial is also fatal. Without a copy of the entire transcript this court is unable to conduct a meaningful review of the alleged evidentiary errors. Thus, we dismiss this claim as well. Even if we could review the alleged evidentiary errors, Matthews concedes that his counsel failed to preserve the majority of his challenges for appeal by not objecting during the trial. See Datamatic Services Inc. v. United States, 909 F.2d 1029, 1934 (7th Cir.1990) (party's failure to present an argument to the district court, waives the right to bring that argument on appeal). Plain error is not applicable to the facts of this case. See Maul v. Constan, 928 F.2d 784, 787 (7th Cir.1991) (discussing the limited application of the plain error doctrine to civil cases).[7]
 
 
 13
 The district court correctly found that the SBA's reasons for Matthews' termination were not a pretext for race discrimination. Accordingly, we affirm the district court's judgment for the defendants.[8] Matthews' other claims concerning alleged evidentiary errors and the district court's credibility determinations are dismissed for the reasons stated herein.
 
 
 14
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Matthews' counsel withdrew on June 18, 1988
 
 
 [2]
 The PMAS is a system for management and appraisal of SBA employees' performance. It provides for the establishment of critical and non-critical elements and performance standards to evaluate SBA employees. A critical element is "a particular task or group of tasks representing a significant component of an employee's job which is of sufficient importance that performance below the 'minimally acceptable' level established for that element requires the withholding of an employee's within-grade increase, and may be the basis for corrective action."
 
 
 [3]
 Dependability focuses on the employee's response to requests, deadlines, and commitments
 
 
 [4]
 Although dependability is defined as a non-critical element under PMAS, this definition is not prohibitive as to it becoming critical. According to Curtis Charter, the District Director and deciding official, dependability was changed to a critical factor for Matthews because he was having trouble meeting deadlines and commitments with the Branch, District, and Regional Office staffs
 
 
 [5]
 At the PMAS review, Miller found that Matthews performed unsatisfactory in the four critical factors of: dependability, client support, failure to respond to various matters in a timely and professional manner, and program support
 
 
 [6]
 While Miller's recommendation was pending, SBA suspended Matthews without pay because of his FBI arrest for accepting money from a client of SBA
 
 
 [7]
 To the extent that Matthews argues that his counsel's failure to preserve his evidentiary challenges warrants a new trial, we note that this claim is meritless. See Deppe v. Tripp, 863 F.2d 1356, 1360-61 (7th Cir.1989), and cases cited therein ("a party who chooses his own counsel freely should be bound by his own counsel's actions")
 
 
 [8]
 The SBA argued, in the alternative, that even if Matthews proved racial discrimination, no relief could be provided in this suit because Matthews would have been fired anyway for violating SBA's regulations prohibiting employees from receiving loans or gifts from clients. Matthews argues that the discussion, during his bench trial, of his acceptance of money from a client violated due process. The district court did not rely on this alternative ground in ruling in the defendants' favor; thus we do not address this claim