**David Allen CARSON, Plaintiff–Appellant,**

v.

**Donald J. MAWER; John Harper, in their individual capacities, Defendants–Appellees.**

No. 03–1108.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

David Allen Carson, pro se, Baraga, MI, for Plaintiff–Appellant.

John L. Thurber, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judges.[*]

## ORDER

David Allen Carson, a pro se Michigan prisoner, appeals the district court judgment dismissing his prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint as amended, Carson asserted that: 1) Warden Zbigniew Tyszkiewicz conspired with others to retaliate against him for his legal activity; 2) Housing Unit Officers Donald Mawer and John Harper violated his Eighth Amendment rights when they brutally assaulted him without provocation; and 3) Mawer and Harper assaulted him in retaliation for grievances and complaints. Carson also raised a supplemental state-law claim of assault and battery. The district court denied Mawer and Harper's motion for summary judgment, but granted summary judgment in favor of Tyszkiewicz. After determining at trial that the third claim was subsumed within the second, the district court instructed the jury solely as to the excessive force claim. The jury then returned a verdict in favor of the defendants on this claim.

Carson timely moved for a new trial, arguing that: (1) the verdict was against the weight of the evidence; (2) the district court erred by not instructing the jury on the retaliation claim; and (3) the district court's evidentiary rulings were biased in favor of the defendants. The district court denied the motion on the merits.

On appeal, Carson essentially reasserts the arguments presented in his motion for a new trial. He also moves for miscellaneous relief.

Carson's failure to provide a transcript to this court bars review of his arguments on appeal. First, Carson may not pursue his challenge to the weight of the evidence in support of the district court's judgment. Although he properly preserved the issue for appeal by moving for a new trial, *see United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir.1993), the weight of the evidence to support the trial court's judgment cannot be questioned on appeal in the absence of a transcript. *See* Fed. R.App. P. 10(b)(2); *Hawley v. City of Cleveland*, 24 F.3d 814, 820–21 (6th Cir. 1994).

Second, it is impossible to determine without a transcript whether Carson made any objections to the jury instruction and thus preserved the issue for appeal. *See K & T Enters. v. Zurich Ins. Co.*, 97 F.3d 171, 174–75 (6th Cir.1996). Furthermore, Carson also failed to provide a copy of the jury instructions for this court to review.

Third, it is likewise impossible to determine without a transcript whether Carson objected to the admission of any evidence and thus preserved his challenges to the evidence for appeal. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1399 (6th Cir.1995). Additionally, the lack of a transcript precludes meaningful review of his argument. *See Fisher v. Krajewski*, 873 F.2d 1057, 1061 (7th Cir.1989).

[*] The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Accordingly, the district court's judgment is affirmed and all pending motions are denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.