Thomas A. GRAHAM,
Plaintiff–Appellant,

v.

John LOMBARDI, Stephen Purol and the City of Arvada, a municipal corporation, Defendants–Appellees.

No. 87CA1133.

Colorado Court of Appeals,
Div. III.

June 22, 1989.

Rehearing Denied Aug. 3, 1989.

Certiorari Granted Dec. 18, 1989.

Myles J. Dolan, P.C., Myles J. Dolan, Arvada, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan, Denver, for defendants-appellees.

Opinion by Chief Judge KELLY.

Thomas A. Graham appeals the judgment of dismissal entered upon the jury's verdicts rejecting his claims for damages for assault and battery and outrageous conduct. We agree with plaintiff's contention that the trial court erred in admitting certain opinion testimony without a proper foundation, and accordingly, we reverse.

In 1985, defendants Lombardi and Purol were police officers for the defendant City of Arvada when they forcefully subdued the plaintiff following a routine traffic stop. The evidence reveals that plaintiff refused to show the officers his driver's license and vehicle registration unless they would first show him the radar gun with which they had clocked his speed. The officers refused this demand and used force to bring the plaintiff to the ground and to gain control over him. The plaintiff struggled, resisting their efforts and, as a result, suffered minor bruises and property damage.

I.

█ The plaintiff contends that the defendants failed to lay an adequate foundation for testimony admitted under CRE 405(a) as circumstantial evidence of the plaintiff's initial aggression. We agree.

The defendants' character witness was a master patrol officer and the street supervisor overseeing the officers at the time they stopped the plaintiff. He arrived at the arrest scene to offer assistance after the plaintiff had already been subdued.

The witness testified to his observations at the arrest scene and at the police station, and in addition, he was asked:

"Q Officer, are you familiar with the reputation of Mr. Graham in the community as it concerns his potential for violence?

A Yes.

Q Do you have such an opinion?

A Yes, I do.

MR. DOLAN: Your Honor, may I interpose an objection. There is insufficient foundation.

THE COURT: Your objection is noted for the record. Thank you, Mr. Dolan. Overruled.

BY MR. NATHAN:

Q Will you state what that opinion is.

A In my opinion, Mr. Graham has demonstrated a tendency of violence in the past."

The foundation for this testimony was received by the trial court at an *in camera* hearing through an offer of proof of two other incidents between the plaintiff and Arvada police officers four years earlier. The witness had no first-hand knowledge of these latter incidents, one of which may not have involved physical violence or threats.

The trial court excluded testimony of specific instances of the plaintiff's prior violence, but, citing *People v. Jones*, 675 P.2d 9 (Colo.1984), permitted what it called "opinion or reputation" evidence. Though the question of the admissibility of character evidence in civil, as opposed to criminal, cases was not raised in the trial court, *see* CRE 404, it is the threshold issue here. We conclude that character evidence is admissible in civil cases if it complies with other standards for admissibility. *See* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[03] at 404–22 (1988). *See also* M. Graham, *Handbook of Federal Evidence* § 404.1 at 197 (2d ed. 1986). *But see Perrin v. Anderson*, 784 F.2d 1040 (10th Cir.1986); *Carson v. Polley*, 689 F.2d 562, 64 A.L.R.Fed. 613 (5th Cir.1982); *Crumpton v. Confederation Life Insurance Co.*, 672 F.2d 1248 (5th Cir.1982).

█ One of those standards is addressed in CRE 701. Testimony about character offered in the form of an opinion by a lay witness is limited by CRE 701 to opinions rationally based on the witness' perception which are helpful to understanding the testimony or to determining a fact in issue. The requirement that the opinion be based on the witness' perception embodies the requirement of personal knowledge contained in CRE 602. *See* 3 *Weinstein's Evidence, supra*, ¶ 701[02] at 701–14; *see also United States v. Dotson*, 799 F.2d 189 (5th Cir.1986).

Here, the witness had not been involved in the former incidents which provided the basis for his opinion. The witness had none of the personal knowledge necessary to provide a basis for his own perception of the plaintiff's character trait, *i.e.*, violence.

The personal knowledge necessary to support a witness' opinion concerning character must be based on more than pre-trial review of police reports or the witness' involvement in criminal investigations. *See United States v. Dotson, supra* (character evidence as to truthfulness inadmissible if only basis for opinions of government agents was their involvement in criminal investigation of defendants); *Government of Virgin Islands v. Petersen,* 553 F.2d 324 (3rd Cir.1977) (observation of defendant's behavior over time is the recognized basis for both opinion and reputation testimony about character); *United States v. Salazar,* 425 F.2d 1284 (9th Cir.1970) (two months of occasional business dealings insufficient to qualify witness to testify about defendant's reputation for honesty). Accordingly, the opinion testimony here should have been excluded.

## II.

The plaintiff also contends that the trial court erred in limiting his cross-examination of one witness and in striking the testimony of another witness concerning the radar clocking of plaintiff and his travel route prior to the time he was stopped by defendant Lombardi. In these rulings, the trial court did not err.

Since plaintiff's claims of assault and battery and outrageous conduct were based on conduct that occurred after the defendant Lombardi stopped the plaintiff, the stricken and limited testimony was irrelevant. Even though the plaintiff claims that the stricken testimony of his witness would have impeached Lombardi's testimony, impeachment evidence must be relevant and may not raise collateral issues. *People v. Diaz,* 644 P.2d 71 (Colo.App.1981). Here, the evidence was properly excluded as impeachment on a collateral matter and was not relevant to explain the defendants' conduct.

## III.

The plaintiff finally contends that the trial court erred in refusing to admit evidence of the disposition of the charges against him in the underlying criminal action. We disagree.

Since the District Attorney's pre-trial dismissal of the speeding and resisting arrest charges could have been based on tactical considerations rather than the merits of the charges, the relevance of the testimony is questionable. The decision under CRE 403 concerning the probative value of such evidence is for the trial court's discretion and cannot be reversed absent abuse of that discretion. *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984). There was no abuse here.

We have considered the plaintiff's other arguments concerning exclusion of evidence and conclude they are without merit.

The judgment is reversed and the cause is remanded for a new trial.

NEY and FISCHBACH, JJ., concur.