Robert KNOWLES, Petitioner–Appellant,

v.

BOARD OF EDUCATION, SCHOOL DISTRICT NO. RE–1, VALLEY, LOGAN COUNTY, Respondent–Appellee.

No. 92CA1625.

Colorado Court of Appeals, Div. III.

June 17, 1993.

Rehearing Denied July 22, 1993.

Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Aurora, for petitioner-appellant.

Miller, DeLay & Crabb, P.C., Kenneth A. DeLay, Westminster, for respondent-appellee.

Opinion by Judge JONES.

Petitioner, Robert Knowles, appeals the order by the respondent, Board of Education, School District No. Re-1, Valley, Logan County (school district), dismissing him from his position as a tenured teacher on grounds of neglect of duty and other good and just cause. We affirm.

Petitioner's dismissal from the teaching position he had held since 1980 was a result of the following incidents, as found by the hearing officer at the conclusion of a five-day hearing.

Petitioner was a middle school industrial arts teacher for sixth, seventh, and eighth grade students. He had also coached football and was a coach for the track team. In May 1990, two female students in petitioner's class reported that petitioner had directed offensive remarks toward them.

Petitioner admitted that, during a class when the students were not working, he had picked up a screwdriver, stood it on its handle with the point pointed upward, and said: "If all you girls are going to do is sit around, well, sit on this." He also admitted that, when he was sitting on a workbench with an attached sander that another student turned on, the vibrations from the sander went up his spine, and that he had jumped off the bench and said: "Whoa, that was a thrill. You should have been sitting there."

Certain students also reported that when students would ask petitioner for screws to assemble a project, he would respond with comments like "everybody could use a screw" or "everybody could use a good screw." Petitioner also acknowledged that he had made such comments to join in the atmosphere of sexual innuendo prevalent in a middle school classroom.

Petitioner was suspended from his teaching duties and the Department of Social Services was called to investigate the incidents. At that time, the Superintendent of the school district issued a formal reprimand, in a letter to petitioner dated May 30, 1990, which included the statement:

Any future acts of this nature will warrant dismissal.

Petitioner was reinstated thereafter to his tenured teaching position. The Social Services Department concurred in this action, stating that: "[Petitioner's] behavior was inappropriate and sexual in nature.

However, we do not feel he is a threat to his students and that reinstating him was appropriate." However, during the next school year, several other incidents involving students were reported.

On September 19, 1991, students reported that after one student had been accidently hit in the groin area by another, petitioner remarked: "[D]on't worry about it, first he's got to have some." Petitioner admitted that he was referring to the student's testicles, or lack thereof.

In February 1992, an incident occurred that the hearing officer characterizes as: "The most serious charge against the Teacher."

In that incident, one of petitioner's sixth grade students reported that, when she was returning from the tool cabinet to her workbench, petitioner had approached her from behind, placed his hand on her back, and snapped her bra strap. No comments were exchanged, but the student reported the incident to her mother that evening.

Concerning this incident, petitioner declined to refute the student's testimony when he was repeatedly asked: "[I]s it your testimony that [the student] has lied to this proceeding?" Instead, petitioner responded that in his opinion the student had exaggerated the contact and had "tragically misinterpreted" the intention of the contact. The hearing officer expressly found that petitioner's testimony as to this incident was not credible, that he had snapped the student's bra strap, and that: "[T]his was grossly inappropriate conduct."

Following this incident, other female students reported that petitioner had patted them on their derrieres with his open hand, had bumped his hip against the hip of one of them, had put his arm around their shoulders, and had put his arm around a female student and pulled her against him. They also stated that he often used curse words and had told a female student that she could tell another student "to kiss your whatever you want to say" or "kiss my whatever you want."

The hearing officer ruled that petitioner would not be allowed to present character evidence because the school district had not attacked his character in charging him with insubordination, neglect of duty, and other good and just cause under the Teacher Employment Compensation and Dismissal Act, § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9). And, although the hearing officer found that the May 30, 1992, directive was not an adequate directive upon which to base specific charges, he further found that, taken in its entirety, the evidence of petitioner's inappropriate conduct, inappropriate statements, inappropriate touching, and inappropriate language in the presence of students, was sufficient to support a recommendation for petitioner's dismissal on the charged grounds of neglect of duty and other good just cause.

The hearing officer recommended petitioner's dismissal pursuant to § 22–63–302(8), C.R.S. (1988 Repl.Vol. 9), and the school district, thereafter, ordered petitioner's dismissal.

### I.

Petitioner contends that the hearing officer erred in his rulings concerning character evidence. We find no reversible error.

### A.

Petitioner first asserts that the hearing officer erred in not permitting him to present evidence as to his good character on the ground that it was not relevant. He argues that character evidence was admissible under CRE 404(a)(1). The school district argues that the exceptions contained in CRE 404(a) are applicable only in criminal cases and, therefore, do not apply in this case. Although we agree that character evidence was admissible, we conclude that no reversible error occurred here.

■ Under CRE 404(a)(1), evidence of an accused's character or trait of character is admissible as evidence of a pertinent trait of the accused's character when offered by the accused, or by the prosecution to rebut the same.

Character evidence is admissible in civil cases if it complies with other standards

for admissibility. *Graham v. Lombardi*, 784 P.2d 813 (Colo.App.1989), *aff'd on other grounds*, 794 P.2d 610 (Colo.1990). *See also Abdelsamed v. New York Life Insurance Co.*, 857 P.2d 421 (Colo.App.1992); *College v. Scanlan*, 695 P.2d 314, 316 (Colo.App.1985) ("While CRE 404(b) is more frequently applied in criminal prosecutions, it also applies in civil cases if the evidence is relevant to the issues."). The rationale of these cases is adopted here, and we hold that CRE 404 applies in administrative proceedings as well as in criminal and civil cases.

■ Here, the hearing officer held that petitioner was precluded from offering such evidence on the ground that it was not relevant because there had not been an attack on petitioner's character. However, on its face, CRE 404(a)(1) gives an accused the right to introduce evidence of a pertinent trait of his character, and no attack on the accused's character need first have been made. *See People v. Miller*, —— P.2d —— (Colo.App. No. 92CA0235, May 20, 1993).

■ Petitioner made an offer of proof as to the character evidence sought to be introduced, as follows:

> The [petitioner] would seek to elicit from administrators, certain administrators, certain other teachers, from parents, that based on the, their knowledge of [petitioner] through observations, interaction, seeing his conduct as a teacher both inside the classroom, outside the classroom, as a coach, that it would be their opinion that he did not snap a bra or would not snap a bra, but that that sort of conduct by [petitioner] is not in conformity with his character.

Petitioner's offer of proof was directed to the fact that petitioner and the witness with whom he was involved in the bra snapping incident had offered conflicting versions of what had transpired. Thus, petitioner sought to introduce testimony, admissible under CRE 404 and CRE 405, that he would not engage in that type of conduct.

However, despite his ruling disallowing testimony whether petitioner would snap a student's bra strap, the record reflects that the hearing officer did, in fact, allow petitioner to present a substantial amount of evidence as to his good character through the testimony of several witnesses. This character testimony was of such quantity that the hearing officer was able to find that "the testimony of the witnesses called by the [petitioner] established the fact [that] the [petitioner] is a person of good character and [he] is highly respected by his colleagues, who he called to testify, and by the former students who testified as a witness for him."

Moreover, the bra strap snapping incident was one of several examples of "inappropriate conduct" that the hearing officer cited as support for the recommendation of petitioner's dismissal. The evidence as reflected in the record adequately supports such findings generally.

Accordingly, in view of the character evidence that was presented on the petitioner's behalf and the sufficiency of the evidence supporting the hearing officer's findings, we determine that the hearing officer's error in not allowing certain opinion testimony in the course of the dismissal hearing did not affect any substantial right of petitioner. *See* CRE 103(a). We, therefore, hold that the hearing officer's ruling in this regard does not mandate reversal.

## B.

■ Petitioner also asserts that the hearing officer erred in taking testimony as to whether petitioner believed that a complaining witness was telling the truth at the hearing when she testified that he had snapped her bra strap. We perceive no reversible error.

Petitioner did not object or otherwise interpose exception to the questions on cross-examination seeking to know: "[I]s it your testimony that [the student] lied...." Also, the record does not reflect that the result of the hearing was specifically affected by these questions. *See People v. Wilson*, 838 P.2d 284 (Colo.1992). Thus,

we cannot conclude that allowing such questions on cross-examination constituted plain error. *See* CRE 611.

## II.

We reject petitioner's additional contention that the hearing officer erred in denying his motion to recuse on the ground that the hearing officer had predetermined a central issue in the case.

Petitioner argues that the hearing officer's remarks revealed that he had predetermined that the touching of students by petitioner was always inappropriate. However, as the hearing officer observed, if petitioner engaged in the touching as charged, then it was inappropriate. Thus, the issue was whether such inappropriate touching occurred and, if so, whether it constituted just cause for petitioner's dismissal. We perceive no bias in the hearing officer's characterization of the issues and, thus, no error in denying the recusal motion.

## III.

We also reject petitioner's contention that the hearing officer erred in declining to make findings as to petitioner's asserted statutory defense of good faith.

■ Sections 22–32–110(2) and 22–32–110(4), C.R.S. (1992 Cum.Supp.) provide that a teacher acting in good faith and "in compliance with the discipline code adopted by the board of education," § 22–32–110(4)(a)(II), C.R.S. (1992 Cum.Supp.), shall be immune from civil liability. However, the purpose of this statutory provision is to protect teachers from civil liability when they have acted within their districts' rules and regulations respecting the disciplining of students and their actions, under the circumstances, have been taken in good faith.

Here, there were no allegations that petitioner, in any of the incidents in question, was acting to discipline any of the students involved. Consequently, the hearing officer did not err in declining to make findings in this regard.

In light of our resolution of this matter, we need not consider petitioner's remaining arguments.

The order of dismissal is affirmed.

TURSI and ROTHENBERG, JJ., concur.