24CA1128 Peo in Interest of AWG-B 12-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1128
Adams County District Court No. 23JV30158
Honorable Emily Lieberman, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.W.G-B., a Child,

and Concerning D.L.B.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE FREYRE
Grove and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

---

Heidi Miller, County Attorney, Megan Curtiss, Assistant County Attorney, Westminster, Colorado, for Appellee

Debra W. Dodd, Guardian Ad Litem

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

¶ 1    In this dependency and neglect action, D.L.B. (father) appeals the judgment adjudicating A.W.G-B. (the child) dependent and neglected.  We affirm.

## I.    Background

¶ 2    The Adams County Human Services Department (the Department) filed a petition in dependency and neglect, alleging that the child was in an injurious environment related to claims of sexual abuse.

¶ 3    Father requested an adjudicatory jury trial.  After a two-day trial, the jury returned a special verdict finding that the child's environment was injurious to his welfare.

## II.    Character Evidence

¶ 4    Before the trial, the Department requested, and father completed, "a mental health evaluation with a psychosexual behavioral focus" (the evaluation).  Father offered the evaluator as a proposed witness at the adjudicatory trial.  Father contends that the juvenile court erred by finding that testimony regarding the results of the evaluation was barred by CRE 404(a).

### a. Standard of Review and Applicable Law

¶ 5    We review evidentiary rulings, including whether to allow or prohibit witness testimony, for an abuse of discretion. *People in Interest of M.V.*, 2018 COA 163, ¶ 52, *overruled on other grounds by People in Interest of E.A.M. v. D.R.M.*, 2022 CO 42. A court abuses its discretion when its ruling is based on an erroneous understanding or application of the law or is manifestly arbitrary, unreasonable, or unfair. *M.V.*, ¶ 52. An error is harmless unless "it can be said with fair assurance that it substantially influenced the outcome of the case or impaired the basic fairness of the trial itself." *Id.* ¶ 66.

¶ 6    "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion." CRE 404(a). There are, however, exceptions to this rule, including under certain circumstances in criminal cases and when "evidence of any other crime, wrong, or act" is "admissible for another purpose." CRE 404(a), (b).

## b. Additional Background

¶ 7 The morning of the pretrial conference, father submitted a witness list disclosing the evaluator and explaining that he "may be calle[d] as an expert in psychosexual evaluation to testify regarding the evaluation and conclusion he conducted of [father] regarding the allegations in the petition." Father did not disclose the evaluation itself as a potential exhibit, and it is not in the record before us. Father later provided an offer of proof that the evaluator "would testify to the methodology and to assess [father]'s attraction to minors and the results of his evaluation including what information he took in from the department and how he conducted those tests and final results that [father] scored within the normal range of his attraction to adult women."

¶ 8 The Department objected to the relevance of the evaluator's testimony because, according to the Department, the evaluation contained a statement that the proposed witness "cannot judge or determine the veracity of the allegations" in the petition.

¶ 9 In response, father asserted that "the relevance would simply be, if [father] did not have an inclination of attraction towards minors or minor boys, then it is less likely that the sexual abuse

3

allegations are true." The juvenile court questioned whether such a purpose was barred by CRE 404(a) but deferred its decision to the next pretrial conference to allow father additional time to research support for his argument.

¶ 10    Following father's further argument, the juvenile court determined that "sexual proclivity" is a character trait covered by CRE 404 and distinguished it from a parent's conduct or condition. *See People in Interest of A.W.*, 2015 COA 144M, ¶ 22 (a parent's past conduct and current circumstances may be used to "predict[] the home environment" in prospective harm cases). The juvenile court then found the testimony "as to testing of respondent father's sexual proclivities, not only is barred by [CRE] 404(a) but it has minimal, if — if any, probative value to whether or not this occurred."

c. Analysis

¶ 11    On appeal, father adopts one of the arguments he presented to the juvenile court. Specifically, he asserts that evidence of a pertinent character trait is permitted in an adjudicatory trial if it is offered by a parent "for the purposes of proving he acted in conformity therewith."

¶ 12　　Father relies here, as he did before the juvenile court, on CRE 404(a)(1) and two civil cases which extended CRE 404(a)(1) to civil matters. *See Knowles v. Bd. of Educ.*, 857 P.2d 553, 555-56 (Colo. App. 1993); *Graham v. Lombardi*, 784 P.2d 813, 814 (Colo. App. 1989). However, father's reliance is misplaced, because both cases were abrogated by changes to CRE 404 in 2007, which specifically limited the exception on which father relies to criminal cases. *Compare* CRE 404(a)(1) (2006) ("Evidence of a pertinent trait of his character offered by an accused . . . ") *with* CRE 404(a)(1) (2007) ("In a criminal case, evidence of a pertinent trait of his character offered by an accused . . . "). Because dependency and neglect proceedings are civil proceedings, the character evidence exception in CRE 404(a)(1) does not apply in an adjudicatory trial. *See People in Interest of C.C.*, 2022 COA 81, ¶ 11 (dependency and neglect proceedings are civil in nature).

¶ 13　　The juvenile court also determined that the proposed testimony did not conform with other standards of admissibility, because father did not present "a purpose for the admission that is not for proving that he acted in conformity" with the results of the evaluation. We agree. The duty of a fact finder in an adjudicatory

5

trial is to determine the status of the child, not whether or not a parent committed a particular act. *See K.D. v. People,* 139 P.3d 695, 699 (Colo. 2006) (an order of adjudication is not as to the parents but relates only to the child's status on the date of the adjudication). This is particularly true when, as was the case here, a fact finder is tasked with evaluating "the existence of an injurious environment rather than who caused it." *People in Interest of J.G.,* 2016 CO 39, ¶ 34.

¶ 14    Therefore, we discern no error in the juvenile court's decision preventing testimony about the evaluation, which was barred by CRE 404 and did not fall under any exception currently in effect.

### III.    Disposition

¶ 15    The judgment is affirmed.

JUDGE GROVE and JUDGE LUM concur.