9 F.3d 631
 27 Fed.R.Serv.3d 325
 George A. STOOKEY and Janet R. Stookey, doing business as
Teller Training Institute of Indianapolis,
Plaintiffs-Appellees,
v.
TELLER TRAINING DISTRIBUTORS, INCORPORATED, a Washington
Corporation, Teller Training Institutes,
Incorporated, a Washington Corporation,
and David Lonay, Defendants-Appellants.
 Nos. 91-2869, 92-1527.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 6, 1992.
Decided Nov. 8, 1993.
Rehearing Denied Dec. 23, 1993.
 
 1
 George W. Hopper (argued), Mark R. Galliher, Richard E. Shevitz, Hopper, Wenzel & Galliher, Indianapolis, IN, for plaintiffs-appellees.
 
 
 2
 Robert B. Keene (argued), Indianapolis, IN, for defendants-appellants.
 
 
 3
 Before POSNER, Chief Judge, FLAUM, Circuit Judge, and WILLIAMS, District Judge.*
 
 
 4
 ANN CLAIRE WILLIAMS, District Judge.
 
 
 5
 Plaintiffs-Appellees George A. Stookey and Janet R. Stookey (the "Stookeys"), d/b/a Teller Training Institute of Indianapolis, brought suit against defendants-appellants Teller Training Distributors, Inc. ("TTD"), Teller Training Institutes, Inc. ("TTI") and David Lonay ("Lonay") for deceptive franchise practices, common law fraud, and related claims. Defendants appeal the district court's finding of contumacious conduct on the part of Lonay, and the subsequent entry of default judgment in plaintiffs' favor. Defendants also appeal the district court's finding that Lonay was in contempt of court for not paying attorney's fees awarded to plaintiffs pursuant to Federal Rule of Civil Procedure 37(a)(4) ("Rule 37(a)(4)"). For the reasons discussed below, we affirm.
 
 I. Background
 
 6
 On May 23, 1988, the Stookeys filed a complaint against TTD, TTI, and Lonay.[1] Lonay was the sole shareholder and President of TTI and TTD, corporations engaged in the business of selling franchises to operate bank teller training schools, and the instructional supplies for the schools. Plaintiffs claimed that Lonay and his agent made fraudulent representations that the operation of a franchise would net about $40,000 per year, and that the franchise would earn a profit by the second month of operation. Because of this conduct, plaintiffs asserted that defendants were liable for common law fraud and violations of the Indiana Franchise Act, Ind.Code Sec. 23-2-2.5-1 et seq. and the Indiana Deceptive Franchise Practices Act, Ind.Code Sec. 23-2-2.7-1 et seq.[2] (R. 23).[3] Plaintiffs further alleged that Lonay should be held personally responsible for damages because he had treated the corporations' assets as his own, and that the corporate veil should be pierced to make him accountable for his conduct.
 
 
 7
 On October 31, 1989, and November 21, 1989, the Stookeys served defendants with written discovery requests for numerous interrogatories and production of documents relating to the alleged representations and all defendants' original financial records and tax returns. (R. 24; Exhibits). Defendants objected to these requests and moved for a protective order on November 28, 1989.[4] (R. 24; A. 1).[5] After a hearing on the matter, Magistrate Godich entered a fifty-nine page order compelling defendants to answer all but a few of the extensive discovery requests. (R. 34).
 
 
 8
 On March 16, 1990, the Stookeys made a renewed motion for sanctions. (R. 35). The district court held a hearing on June 19, 1990. Based upon the evidence presented at the hearing, the court found that Lonay had consistently and willfully failed to comply with discovery and entered a judgment of default against Lonay on July 18, 1990. (R. 51). In reaching this conclusion, the court reiterated:
 
 
 9
 Lonay's obdurate conduct in its totality is illustrative of behavior consistent with his statements that litigation with him is unadvisable because it is so costly and because it is futile to try to collect any judgment as he has hidden his assets. That behavior has been previously described by the court. It includes deliberately sabotaging a deposition thereby causing another to be taken. It entails misrepresenting the costs of copying checks. It involves failing to produce relevant materials in his possession and control. It embraces production of altered documents. It encompasses the signing of a deed of trust and neither revealing its presence to a divorce court nor recording it until after this case had been filed, indeed not until the taking of the second deposition after it became clear to him that his personal finances could no longer be hidden from plaintiffs.
 
 
 10
 ....
 
 
 11
 In sum, it is immediately apparent to this Court that Defendant Lonay has revealed both by words from his own mouth and by his actions that his purpose is to prolong and increase the cost of this litigation. He has done so.
 
 
 12
 (R. 51, Entry of July 18, 1990 at 14-15). After making these findings, the court entered a default judgment against Lonay on all counts, and set a date for hearing on damages. The court also gave Lonay thirty days to pay plaintiffs $18,833 for the attorney's fees arising from the order to compel discovery and motion for sanctions. A damages hearing was held on October 10, 1990.
 
 
 13
 On May 13, 1991, while the decision on the damages issue was under advisement, the court, sua sponte, found good cause for removing the default and lifted the default judgment. (SA 41).[6] The court noted that the original default had been "entered on the basis of the obstruction and unnecessary delay and defendants' contumacious behavior during the discovery phase of the lawsuit," but concluded that the consequences of the default were out of proportion to the harm caused by defendants' conduct.[7] (SA 42-45). A week later, the district court, in an Order Compelling Expedited Discovery, ordered defendants to produce a portion of the discovery matters requested under the magistrate's prior order and to file a report detailing the same within seven days. (SA 37). This Order warned that failure to comply might result in the corporate veils being pierced, reentry of the default against Lonay, and a full extension of this default to the corporate defendants, with a full award of the damages established at the October 5, 1990 hearing. (SA 39-40).
 
 
 14
 On June 14, 1991, the court required Lonay to appear at a hearing on plaintiffs' rule to show cause why he should not be held in contempt for his failure to pay the $18,833 previously awarded. (R. 55). On June 12, 1991, Lonay filed an affidavit explaining that he could not attend the hearing and arguing that he should not be held in contempt because of his purported financial situation.[8] (A. 98). On June 13, 1991, the Stookeys filed their Motion for Reinstatement of Sanctions Pursuant to Order Compelling Expedited Discovery claiming that defendants had not produced all that was ordered. (A. 131). On July 9, 1991, after considering Lonay's affidavit, the court found him in contempt and directed that judgment be entered against him in the amount of $18,833 on July 9, 1991. (SA 19). On September 4, 1991, plaintiff moved for the imposition of additional sanctions under Rule 37. On September 12, 1991, after hearing oral argument on this motion and considering affidavits submitted by the parties, the court reentered judgment of default against Lonay. (SA 12). On December 10, 1991, the default judgment was amended to include the other defendants, TTD and TTI. (SA 7). On January 31, 1992, after a damages hearing, the court entered judgment against all defendants for $516,700.53. (SA 6).
 
 
 15
 On appeal, defendants argue that the district court abused its discretion in entering a default judgment against defendants for failure to comply with discovery orders. Defendants also contend that the district court abused its discretion in finding Lonay in contempt for not paying attorney's fees awarded to plaintiffs under Rule 37(a)(4). Plaintiffs assert that this appeal should be dismissed for failure to include necessary transcripts, or alternatively, affirmed in all respects. Plaintiffs also request an award of costs and attorney's fees in defending this appeal.
 
 II. Standard of Review
 
 16
 The district court's decision may only be reversed upon a showing that the court's factual findings were clearly erroneous and that the court abused its discretion in selecting the sanctions to be imposed. Profile Gear Corp. v. Foundry Allied Indus., Inc., 937 F.2d 351, 353 (7th Cir.1991). See also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976) (per curiam) (reversing appellate court for failing to apply abuse of discretion standard to district court's entry of default). With this standard in mind, we review the district court's decision.
 
 III. Discussion
 
 17
 A. Meaningful Review--Failure to Provide Transcripts
 
 
 18
 We must first address the Stookeys' argument that this case should be dismissed because defendants failed to provide transcripts of all evidence upon which the district court relied. Specifically, plaintiffs contend that we cannot review the findings which defendants dispute because they were based upon the substantial evidence presented at the June 19, 1990 and June 14, 1991 hearings, and these transcripts were not made a part of the record. Brief of Plaintiffs-Appellees at 20-23.
 
 
 19
 Defendants respond that they did not "deem" it necessary to include the June 19, 1991 transcript because plaintiffs' June 18 filing of a Summary of Discovery Responses Received from Defendants and Discovery Responses Not Received from Defendants "allowed no time for courtroom response and was addressed by Lonay in a later filing with the court." Reply at 2. Defendants also assert that the June 19, 1990 hearing was "basically a close interrogation of Lonay" regarding his personal finances, mortgage, divorce, and "harmless whiting out of account numbers on his automobile title and a former stock brokerage account." Reply at 2-3.
 
 
 20
 The procedure for filing transcripts is outlined in Rule 10(b) of the Federal Rules of Appellate Procedure:
 
 
 21
 (1) Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary, subject to local rules of the courts of appeals.... If no such parts of the proceedings are to be ordered, within the same period the appellant shall file a certificate to that effect.
 
 
 22
 (2) If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such a finding or conclusion.
 
 
 23
 (3) Unless the entire transcript is to be included, the appellant shall, within the 10 days time provided in (b)(1) of this Rule 10, file a statement of the issues the appellant intends to present on the appeal and shall serve on the appellee a copy of the order or certificate and of the statement....
 
 
 24
 Further, Fed.R.App.P. 3(a) also makes clear that the failure to comply with this rule may be grounds for dismissal of the appeal.[9]
 
 
 25
 Although defendants did not include the transcript from the June 19, 1990 or June 14, 1991 hearings, they dispute the district court's factual findings arising out of these hearings. In particular, defendants argue that the trial court erred in finding Lonay responsible for willful and deliberate disobedience. See Brief of Defendants-Appellants at 10-30. Defendants also contend that the lower court erred by finding Lonay in contempt after the June 14, 1991 hearing. See Brief of Defendants-Appellants at 32-37.
 
 
 26
 Since defendants object to findings which were substantially based on the aforementioned hearings, it is clear that the transcripts from both hearings should have been included because the evidence presented was "relevant" to the findings which are the subject of this appeal. Fed.R.App.P. 10(b)(2). Also, in clear violation of Rule 10(b)(3), defendants failed to file a statement of the issues they intended to present on appeal, or a certificate disclosing their intention not to order a full transcript.
 
 
 27
 Although a failure to comply with Rule 10(b) is unquestionably grounds for dismissing an appeal, this court has held that it is appropriate to reach the merits in such an appeal if it is possible to "engage in meaningful review of the lower court proceedings." Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989). Here, the court's written opinions provide an overview of the type of evidence that was presented,[10] but it is impossible for this court to evaluate whether the court's findings are clearly erroneous without the full record of the evidence contained in the transcripts. See Fisher, 873 F.2d at 1060 (noting that "[i]n the absence of the transcript or an agreed, certified statement of facts ... it is impossible to review the trial court's rulings").
 
 
 28
 Moreover, at oral argument, defendants' counsel conceded that the transcripts were necessary and claimed that they were omitted out of inadvertence. In response to a direct question, counsel acknowledged that it would be impossible to evaluate the accuracy of the lower court's findings without the June 19, 1990 transcript, and agreed that this court would have to treat such findings as true.
 
 
 29
 Clearly, the insufficient record on appeal due to defendants' failure, presents an ideal case for dismissal under Fed.R.App.P. 3(a). In fact, we cannot envision a case more aptly suited for the imposition of this sanction. Furthermore, it would be appropriate to dismiss this case to make clear that such blatant disregard for this court's rules will not be countenanced. However, we choose to reach the merits of this case in the interest of addressing the substantive issues presented.
 
 B. Reentry of Default
 
 30
 Defendants' counsel conceded that the findings detailed in the July 9, 1991 opinion would be adequate to support the entry of a default judgment,[11] but insisted that the entry of default in the "second round" of discovery was an abuse of discretion because defendants began with a "clean slate" when the court lifted the default on May 13, 1991. Given that the July 18, 1990 findings of fact are accepted as true and would support the entry of default, the only issue presented is whether there is any basis for defendants' contention that the district court somehow retracted its findings by removing the default on May 13, 1991. We think not.
 
 
 31
 In the district court's May 13, 1991 entry, the court explained:
 
 
 32
 The default in this matter was entered on the basis of the obstruction and unnecessary delay and defendant[ ] [Lonay's] contumacious behavior during the discovery phase of this law suit.... Defendant was defaulted in addition because he had made comments consistent with his recalcitrant behavior indicating that he was deliberately prolonging the proceedings in order to make the proceedings too costly for the plaintiffs to peruse [sic]. Finally he was defaulted for filing what the court found to be a questionable mortgage document in an effort to encumber otherwise unencumbered assets.
 
 
 33
 (SA 42-43). Despite these findings, the lower court reviewed the evidence in the case, reflected on the type of proof needed to prove fraud, and noted that "[t]he finding by the Court that defendant Lonay was personally responsible for the fraudulent statements and that the plaintiffs relied thereon to their detriment creates too much fiction in this case." (SA 45). Thus, the court found good cause for removing the default on all counts and stated: "The consequences of the Court's default are also out of proportion to the harm caused by the discovery conduct of the defendant. He has been assessed the costs of the depositions he has interfered with. He can be dealt with at a later date for the mortgage document's creation that appeared to the court to be too convenient to be true."
 
 
 34
 Clearly, there is nothing in the court's language to suggest that its previous findings were wrong or vacated. On the contrary, the court reiterated its findings, but decided to give Lonay another chance before imposing such a harsh sanction. As the court explained when it reentered default on September 12, 1991:
 
 
 35
 The court by lifting the default entered in July 1990 wished to give defendant Lonay some further time to comply with the Court[']s orders having felt the earlier recalcitrance might have been due to either bad advice or hostility based on misunderstanding.... This Court now, having seen defendant Lonay's response to its [expedited discovery] order of May 1991, and having assessed his behavior since the lifting of the default, determines that the lifting of the default merely gave Lonay further opportunity to make his record of disdain for the orderly processes of trial. Lonay produced records he has had for over 6 months despite his protestations to the contrary. He did not personally pursue the search for TTD records. His actions from the beginning of this suit reflect a clear record of contumacious conduct. He has continued to ignore his personal responsibility to comply with discovery orders. The defendant's misconduct has caused unnecessary and prejudicial delay. Defendant Lonay has been guilty of willful and deliberate disobedience of the Court's discovery orders.
 
 
 36
 (SA 18). In light of these findings, it is plain that the court's reentry of default on September 12, 1991, was not an abuse of discretion. See Crown Life, 995 F.2d at 1383; Profile Gear, 937 F.2d at 353 (no abuse of discretion where lesser sanctions and warning that default was imminent). Moreover, this court has no basis for disputing the court's assessment of $516,700.53.[12]
 
 C. Finding of Contempt
 
 37
 The district court's finding of contempt and entry of judgment in the amount of $18,833 is proper for the same reasons expressed above. Specifically, the court's finding of contempt was based in part on the contempt hearing which was held on June 14, 1991 and the June 19, 1990 hearing. Since these transcripts were not provided, the court cannot evaluate whether the findings arising out of the hearings are clearly erroneous. Therefore, the findings that led to the order of contempt must be accepted as true. These findings include: concerns that Lonay deliberately concealed relevant information, Lonay's failure to provide corporate documents still missing after three discovery orders, the suspect mortgage. The court also criticized Lonay's decision to prioritize bills other than the court's award of $18,833 in attorney's fees. (SA 11-14). Despite Lonay's contentions that he cannot pay the fees, the court's findings to the contrary indicate that the order of contempt was not an abuse of discretion. Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees.[13] Consequently, the court finds no abuse of discretion in entering a judgment against Lonay for the $18,833 discovery sanction imposed because of Lonay's obdurate conduct.
 
 D. Attorney's Fees
 
 38
 Plaintiffs-Appellees request double costs and reasonable attorney's fees in defending this appeal pursuant to Fed.R.App.P. 38.[14] Plaintiffs claim that this sanction is warranted because defendants made no effort to supply the court with the necessary transcripts, and they have misrepresented facts and appealed factual findings that were clearly supported by the evidence. Brief of Plaintiffs-Appellees at 31. Defendants disagree with this characterization and claim that this award is unwarranted because the appeal is not frivolous. Reply at 21-22.
 
 
 39
 "The determination whether to award Rule 38 sanctions is a two-step process. First, we must determine if the appeal is frivolous; second we must determine if sanctions are appropriate." Tyson v. Jones & Laughlin Steel Corp., 958 F.2d 756, 761 (7th Cir.1992). Here, we find that this appeal was frivolous because it was virtually impossible to address any of defendants' substantive arguments given the lack of a complete record on appeal. See id. Because of defendants' omissions, the court had the choice of dismissing the appeal because of the inability to engage in meaningful review or proceeding based on defendants' concession that the facts had to be taken as true. Under both of these options, defendants were destined to fail. See id.; see also Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989 (en banc) (noting that appeal is frivolous where "the result is foreordained by the lack of substance to the appellant's arguments.").
 
 
 40
 Here, we find that it is appropriate to award sanctions for several reasons. First, defendants violated Fed.R.App.P. 10(b) by failing to disclose their intention not to order a full transcript which precluded the Stookeys ordering such transcripts in time for this appeal. Defendants also disingenuously represented that they did not "deem" the transcripts from the hearing necessary, yet at oral argument retracted this statement and claimed inadvertence. Defendants also proceeded with this appeal although the lower court's findings of contumacious conduct and willful behavior would have to be taken as true, and would clearly support the sanction of default judgment. Further, there was no support in the record for defendants' assertion that the district court's findings had been vacated or "wiped clean" after the first default was lifted.
 
 
 41
 In sum, sanctions are warranted because defendants' blatant disregard for this court's rules needlessly resulted in added expense to appellees and the waste of judicial resources. Appellees should submit, within 15 days of the date of this decision, a statement of the attorney's fees and costs, and expenses reasonably incurred in this appeal. Appellants shall respond 15 days thereafter to the reasonableness of the Stookeys' submission.
 
 IV. Conclusion
 
 42
 For the foregoing reasons, the district court's entry of default judgment and its finding of contempt are AFFIRMED WITH SANCTIONS.
 
 
 
 *
 The Honorable Ann Claire Williams, District Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation
 
 
 [1]
 Jeffery Pinorini, Director of Franchise Sales for TTD was originally named as a defendant, but was dismissed from the suit on November 13, 1989. TTI was added as a defendant in plaintiffs' amended complaint filed on September 14, 1989
 
 
 [2]
 The Stookeys also sought treble damages and attorney's fees under the Indiana Crime Victim Statute, Ind.Code Sec. 34-4-30-1
 
 
 [3]
 All references to the Record on Appeal are designated as "R."
 
 
 [4]
 Plaintiffs' previously filed motion for sanctions was overruled on February 9, 1990. (R. 30)
 
 
 [5]
 All references to the separate appendix filed with appellants' brief are designated as "A."
 
 
 [6]
 All references to appellants' Short Appendix are designated "SA."
 
 
 [7]
 The court removed the default on all counts but sanctioned defendants by finding that an employee of the corporation had made a fraudulent statement that there were franchises in existence which netted $40,000 per year
 
 
 [8]
 Since the court does not have the transcript of the June 14, 1991 hearing, it is unclear whether Lonay attended the hearing or not. Defendants' failure to provide transcripts is addressed in Section III of this opinion
 
 
 [9]
 Rule 3(a) states, in part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Fed.R.App.P. 3(a)
 
 
 [10]
 (SA 9; SA 12)
 
 
 [11]
 See e.g., Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1383 (7th Cir.1993) (noting that default judgments are a proportionate sanction for willful or bad faith violations of discovery orders, a pattern of contumacious conduct or dilatory tactics, or the failure of less drastic sanctions)
 
 
 [12]
 Defendants have not made specific objections to this amount, nor submitted the transcript from the December 16, 1991 damages hearing
 
 
 [13]
 Rule 37(a)(4) provides in pertinent part: "If the motion [to compel] is granted, the court shall ... require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees...." Fed.R.Civ.P. 37(a)(4)
 
 
 [14]
 Rule 38 states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed.R.App.P. 38