35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cliff REDDEN, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., et al., Defendants-Appellees.
 No. 93-2516.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Cliff Redden, proceeding pro se, appeals from the district court's grant of summary judgment to the defendants on his claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. We affirm.
 
 
 2
 On March 15, 1990, Redden sent a letter and resume to the home office of Wal-Mart Stores, Inc. ("Wal-Mart") in Bentonville, Arkansas, requesting an employment position in management or supervision in Wal-Mart's store in Michigan City, Indiana. Redden subsequently signed and submitted an application for employment at Wal-Mart's Store No. 1487 in Michigan City. Redden wrote on page four of this application, above his signature, that he "had previously sent resume." Wal-Mart hired Redden as a department manager in its Michigan City store on July 9, 1990, and terminated his employment on February 7, 1991.
 
 
 3
 Redden then filed this complaint under Title VII asserting that Wal-Mart subjected him to discriminatory terms and conditions of employment and discharged him because of his race. Wal-Mart moved for summary judgment on the ground that Redden made false statements and misrepresentations in his March 15 letter, in his resume, and in his employment application. The district court granted Wal-Mart's motion. Redden now appeals.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir.1994). Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 In this circuit, "the appropriate issue in an employment discrimination case where the plaintiff lied on his application and was later fired for an unrelated reason is whether the employer, acting in a race-neutral fashion, would have fired the employee upon discovery of the misrepresentation, not whether the employer would have hired the employee had it known the truth."[1] Washington v. Lake County, Illinois, 969 F.2d 250, 256 (7th Cir.1992) (footnote omitted); accord Reed v. Amax Coal Co., 971 F.2d 1295, 1298 (7th Cir.1992). Wal-Mart contends that the district court properly granted its motion for summary judgment because it would have fired Redden immediately upon discovery of his false statements and misrepresentations.
 
 
 6
 The undisputed material facts in this case establish that Redden's March 15 letter, his resume, and his employment application contained false statements and misrepresentations concerning (1) his military background, (2) his education, (3) his prior criminal history, and (4) his work experience.[2] Although Redden vigorously contested the inaccuracy of these documents in the district court, Redden has abandoned these arguments on appeal. Instead, Redden repeatedly contends in his appellate brief that his March 15 letter, his resume, and his employment application were altered while in the possession of Wal-Mart.[3]
 
 
 7
 Redden's assertion is insufficient to create a genuine issue of material fact for two reasons. First, Redden has waived this argument by failing to object to the authenticity or admissibility of any of the documents attached to Wal-Mart's motion for summary judgment in the district court or moving to strike these documents. See Federal Deposit Ins. Corp. v. Lauterbach, 626 F.2d 1327, 1331 n. 8 (7th Cir.1980); see also Walker v. Wayne County, Iowa, 850 F.2d 433, 435 (8th Cir.1988), cert. denied, 488 U.S. 1008 (1989); Catrett v. Johns-Manville Sales Corp., 826 F.2d 33, 37-38 (D.C.Cir.1987), cert. denied, 484 U.S. 1066 (1988); Allen v. Scribner, 812 F.2d 426, 435 n. 18 (9th Cir.1987); 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, Sec. 2722, at 60-61 (1983). Second, Redden has continued to rely on conclusory allegations that Wal-Mart altered these documents without any factual support. These conclusory allegations are insufficient to create a genuine issue of material fact. E.g., Cusson-Cobb v. O'Lessker, 953 F.2d 1079, 1081 (7th Cir.1992); Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago, 877 F.2d 1333, 1339 (7th Cir.1989); see McMillian v. Svetanoff, 878 F.2d 186, 188-89 (7th Cir.1989).
 
 
 8
 We must next determine whether the undisputed material facts establish that Wal-Mart, acting in a race-neutral fashion, would have fired Redden upon discovery of the misrepresentations in his March 15 letter, his resume, and his employment application. Washington, 969 F.2d at 256. The following language was directly above Redden's signature on his employment application:
 
 
 9
 I certify that the information contained in this application is correct to the best of my knowledge, and understand that falsification or omissions in this application is grounds for ... dismissal from employment at the time the company discovers the omission or falsification.
 
 
 10
 R. 48, Exhibit No. 3. Wal-Mart submitted three affidavits in support of its motion for summary judgment in the district court. The affidavit of Brent Keller, the store manager of Wal-Mart's Store No. 1487 in Michigan City from December 1990 to April 1991, states that while Keller was the store manager, "Wal-Mart Stores, Inc. had, and still has, an employment policy of immediate termination of employees who falsify their employment applications and/or resumes," and "Clifford Redden would have been immediately discharged if it was learned during his employment with Wal-Mart Stores, Inc. that he falsified his employment application and/or resume." R. 48, Exhibit No. 7. The affidavit of James Kaiser, the store manager of Wal-Mart's Store No. 1487 in Michigan City from May 1990 to December 1990, repeats these statements and lists the names of nine employees who were terminated from employment in the Michigan City store under this employment policy while Kaiser was the store manager as well as the date of and reason for each termination.[4] R. 48, Exhibit No. 8; see Mem. Order at 7 (N.D.Ind.1993). This evidence establishes that Wal-Mart, acting in a race-neutral fashion, would have fired Redden immediately upon discovery of his misrepresentations. Redden has produced nothing but conclusory allegations to the contrary. Wal-Mart was therefore entitled to summary judgment under Washington. Redden's remaining arguments are either without merit or without evidentiary support and do not require discussion.
 
 
 11
 We must, however, comment on the contents of Redden's appellate briefs. Redden's opening brief is replete with references to evidence which was not presented to the district court when it ruled on Wal-Mart's motion for summary judgment. For example, Redden contends that he "knows for a fact that Wal-Mart has a number of felons working at that particular [Michigan City] store, who happen to be white." Appellant's Br. at 8. Such self-serving testimony, which was not presented to the district court and therefore is not part of the appellate record, see Fed.R.App.P. 10(a), has no place in an appellate brief. Henn v. National Geographic Soc'y, 819 F.2d 824, 831 (7th Cir.), cert. denied, 484 U.S. 964 (1987). Redden continues this practice in his reply brief. See, e.g., Reply Br. at 17. In addition, Redden's reply brief contains many arguments, too numerous to list here, which were not raised in his opening brief. Arguments raised for the first time in a reply brief are waived. Circuit Rule 28(f); Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 508 n. 5 (7th Cir.1994); Bloyer v. Peters, 5 F.3d 1093, 1099-100 (7th Cir.1993). We therefore GRANT Wal-Mart's motion to strike and refuse to consider these portions of Redden's reply brief.
 
 
 12
 Defendants-Appellees request attorney's fees and single or double costs in defending this appeal pursuant to Federal Rule of Appellate Procedure 38. Appellees' request has been fully briefed and is ready for decision under Circuit Rule 38. Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992). "The determination whether to award sanctions is a two-step process. First, we must determine if the appeal is frivolous; second we must determine if sanctions are appropriate." Stookey v. Teller Training Distributors, Inc., 9 F.3d 631, 637 (7th Cir.1993) (citation omitted). An appeal is deemed frivolous "when the result is foreordained by the lack of substance to the appellant's arguments," Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (en banc), or with "no reasonable expectation of altering the district court's judgment and for the purpose of delay or harassment or out of sheer obstinacy," or "when the appeal merely restates arguments that the district court properly rejected," A.V. Consultants, Inc. v. Barnes, 978 F.2d 996, 1003 (7th Cir.1992) (citations omitted). Redden's appeal was destined to fail and is clearly frivolous under these standards. The second prong of the test, whether sanctions are "appropriate," "is merely a reservation of discretion to withhold sanctions ... in circumstances in which the award of them would disserve the goals of Rule 38." Colosi, 965 F.2d at 504. There are no such circumstances present in this case. We therefore conclude that sanctions are appropriate.
 
 
 13
 Appellees should submit to the Clerk of this court within fifteen days of the date of this decision a statement of attorney's fees and costs incurred in defending this appeal. Redden shall respond within fifteen days thereafter to the reasonableness of the appellees' submission. This panel will then consider the submissions of the parties.
 
 
 14
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Although appellant filed such a statement and requested oral argument, appellant subsequently filed a motion to withdraw his statement and request for oral argument. Upon consideration of appellant's motion, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 We note that the Supreme Court of the United States recently granted certiorari to review employers' use of this so-called "after-acquired evidence doctrine" to defend employment discrimination claims in McKennon v. Nashville Banner Publishing Co., 9 F.3d 539 (6th Cir.1993), cert. granted, 114 S.Ct. 2099 (1994). The standard set forth in Washington remains the law of this circuit, however, unless and until the Supreme Court authoritatively decides to the contrary in McKennon
 
 
 [2]
 We do not need to recite a detailed description of these false statements and misrepresentations. The district court conducted a careful and thoughtful analysis of these documents, and we agree with its conclusions. See Mem. Order at 13-18 (N.D.Ind.1993)
 
 
 [3]
 Wal-Mart estimates that Redden repeats this assertion over 100 times in his opening brief. Appellee's Br. at 9
 
 
 [4]
 The third affidavit which Wal-Mart submitted was from Lester C. Nail, the corporate counsel for Wal-Mart Stores, Inc. from November 4, 1991. Nail's affidavit states that "Wal-Mart Stores, Inc. has continuously had in place an employment policy of immediate termination for any employee who falsifies his or her application or resume," and that "Wal-Mart Stores, Inc. has in fact terminated employees for falsification of employment applications in calendar years 1990 and 1991." Redden asserted in the district court that this affidavit should be stricken because Nail was not the corporate counsel when Redden was an employee. The district court held that, even assuming that this affidavit should be stricken, the other affidavits were sufficient to establish that Wal-Mart was entitled to summary judgment. See Mem.Order at 9 (N.D.Ind.1993)