70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald BRANCH-BEY, Plaintiff-Appellant,
v.
Neal CAAUWE and Otto Soyk, Defendants-Appellees.
 No. 94-2969.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 17, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Gerald Branch-Bey brought this claim pursuant to 42 U.S.C. Sec. 1983 against defendants Neal Caauwe and Otto Soyk, who are Midlothian police officers. The basis of Branch-Bey's complaint is that defendants violated his Fourth Amendment rights by arresting him without probable cause.
 
 
 2
 The case was tried to a jury which returned a verdict for defendants. Branch-Bey then moved pursuant to Fed.R.Civ.P. 59 for a new trial claiming the verdict was against the weight of the evidence. The trial judge denied this motion. Branch-Bey now appeals from the jury verdict and the denial of the motion.
 
 
 3
 Branch-Bey made a motion in the district court to provide a trial transcript free of charge. The court denied this motion, finding that Branch-Bey's appeal would not be taken in good faith. See 28 U.S.C. Sec. 753(f). Branch-Bey did not petition this Court to provide a free transcript, and no trial transcript is included in the record on appeal.
 
 
 4
 Branch-Bey has failed to comply with Fed.R.App.P. 10(b)(2), which requires an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence," as Branch-Bey has done, "to include in the record a transcript" containing the evidence relevant to such conclusion. When an appellant fails to include the transcript, Fed.R.App.P. 3(a) authorizes us to dismiss the appeal. Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990). The fact that the transcript was not included due to Branch-Bey's indigence does not excuse him from the requirements of Fed.R.App.P. 10(b). See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.1990), cert. denied, 498 U.S. 901 (1990), and cert. denied, 498 U.S. 1069 (1991).
 
 
 5
 The appellant's failure to provide a transcript in the record on appeal, makes it impossible for us to engage in meaningful review. Therefore, Branch-Bey's appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record