99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew PAGAN, Plaintiff-Appellant,
v.
Rhonda Y. WARNER, Assistant Warden; Michelle Patches,
Lieutenant, Richard Birkey, Major, Henry Walton,
Captain, and Richard Hammonds,
Adjustment Committee,
Defendants-Appellees.
 No. 95-3135.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 8, 1996.*
Decided Oct. 11, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Andrew Pagan, a state inmate incarcerated at Illinois River Correctional Center (IRCC), filed suit against IRCC officials under 42 U.S.C. § 1983. Pagan claimed that the officials violated his constitutional rights under the Eighth and Fourteenth Amendments by failing to protect him from an assault by his cellmate and denying him due process in the subsequent prison disciplinary proceedings. The district court granted appellees' motion for summary judgment on the due process claim. After a bench trial, the district court ruled in favor of the appellees finding that they did not act with deliberate indifference to Pagan's safety. Pagan appeals from the district court's final judgment.
 
 
 2
 On appeal Pagan challenges the district court's findings and conclusions, yet does not provide the trial transcript in the appellate record. Federal Rule of Appellate Procedure 10(b)(2) requires that the transcript must be included in the appellate record where an appellant challenges a finding or conclusion as unsupported by the evidence. Pagan argues that the trial transcript was physically unobtainable due to his in forma pauperis status. However, his indigence does not make the transcript unavailable within the meaning of Fed.R.App.P. 10(c). Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.1990), cert. denied, 498 U.S. 901 (1990) and cert. denied, 498 U.S. 1069 (1991). Fees for in forma pauperis appellants are paid by the government if the trial or circuit judge certifies the appeal is not frivolous pursuant to 28 U.S.C. § 753(f). However, Pagan did not request from the district court or this court a transcript at no cost.
 
 
 3
 When an appellant fails to comply with providing the trial transcript pursuant to F.R.A.P. 10(b), this court may dismiss the appeal pursuant to F.R.A.P. 3(a) if meaningful review is impossible. Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989) cert. denied, 493 U.S. 1020 (1990). It is not possible for this court to meaningfully review what transpired at Pagan's bench trial and evaluate the evidence submitted without a trial transcript. Therefore, we dismiss that part of Pagan's appeal involving his Eighth Amendment claim for failing to provide the trial transcript in the appellate record.
 
 
 4
 Last, Pagan has not preserved for review the dismissal of his due process claim. He merely mentions the due process claim in his opening and reply briefs. Circuit Rule 28(f) requires that the appellant's opening brief assert the issues presented and argument in support of reversal. See Wilson v. O'Leary, 895 F.2d 378, 384 (7th Cir.1990). Because Pagan has failed to do so, he has waived his right to appellate review on the due process claim, and that part of the district court judgment is affirmed.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)